889 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark Lawrence DYER, Plaintiff-Appellant,
v.
Paul CAVANAL, Warden; Ralf Evitts, Warden; David Sexton,
Supply Manager; Kentucky Corrections Cabinet;
Blackburn Correctional Complex; the
State of Kentucky, Defendants-Appellees.
 No. 89-5120.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Mark Lawrence Dyer, a pro se Kentucky prisoner, appeals the district court's order dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, plaintiff sued multiple state officials and prison personnel alleging that they violated his constitutional rights by assigning him to work on three different occasions in an area where persons were subsequently denied access because of asbestos contamination. The district court dismissed the action as frivolous.
 
 
 3
 Upon review, we affirm the district court's judgment as it is clear that the plaintiff's suit is frivolous because it lacks any arguable basis in law or fact. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 4
 The eleventh amendment bars plaintiff's suit for monetary damages against the state and its officials. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304 (1989); Kentucky v. Graham, 473 U.S. 159, 169 (1985). In addition, the wardens cannot be held personally liable under a theory of respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Finally, it is likewise apparent that the plaintiff lacks any standing to sue any of the defendants including the supply manager who allegedly ordered the plaintiff to enter the area in question. His speculative claim of injury does not vest him with standing which is a threshold question of jurisdiction in every federal case. See O'Shea v. Littleton, 414 U.S. 488, 495-96 (1973); Haskell v. Washington Township, 864 F.2d 1266, 1275-76 (6th Cir.1988).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.